**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STARR INDEMNITY & LIABILITY COMPANY,

Plaintiff,

v.

MAERSK A/S,

Defendant.

26 CV 09131

**COMPLAINT**

Plaintiff Starr Indemnity & Liability Company, as and for its Complaint against Defendant Maersk A/S, alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, subject to the Carriage of Goods by Sea Act ("COGSA"), reprinted at 46 U.S.C. § 30701 (note), or, in the alternative, the Harter Act, 46 U.S.C. §§ 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The following issues alternatively concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. The following issues alternatively concern the loss of and damage to goods in the course of carriage by sea from a foreign port to a port of the United States of America and thereby

come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant's or its agent's agreement to a contractual choice of forum clause that requires or allows actions against it to be instituted in this Court.

5. Venue is proper in this District as to Defendant because Defendant is subject to personal jurisdiction in this District with respect to this action.

6. Venue is also proper in this District because the contractual choice of forum clause calls for or allows the jurisdiction of this Court.

## PARTIES

7. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8. Plaintiff is an insurance company.

9. Plaintiff insured the shipment described in Schedule A.

10. Plaintiff is the duly subrogated insurer of the shipper, consignee and/or receiver of the shipment described in Schedule A, and/or persons with a proprietary interest in the shipment described in Schedule A, and/or persons owning, holding or entitled to possession of the shipment or the bill of lading or waybill described in Schedule A, and/or persons who are a "Merchant" as defined in the bill of lading or waybill described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and Plaintiff brings this action on its own behalf and as agent or trustee on behalf of and for the interest

of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

11. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire and/or a vessel operating common carrier.

12. Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a vessel operating common carrier engaged in the carriage of goods to or from a port of the United States of America.

## FACTUAL BACKGROUND

13. On or about the date and at the Place of Receipt and/or the Port of Loading stated in Schedule A, there was tendered by the shipper and delivered to Defendant (and/or persons for whom Defendant is vicariously liable), as common carrier, vessel operating common carrier or otherwise, the shipment described in Schedule A, then being in good order and condition, and Defendant then and there accepted said shipment so tendered and delivered to Defendant (and/or persons for whom Defendant is vicariously liable), and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said shipment to the Port of Discharge and/or the Place of Delivery stated in Schedule A, and deliver said shipment, in like good order and condition as when delivered to and received by Defendant (and/or persons for whom Defendant is vicariously liable).

14. The shipment described in Schedule A was in good order and condition when delivered to and received by Defendant (and/or persons for whom Defendant is vicariously liable).

15. Defendant or its agent issued a bill of lading or waybill for the shipment described in Schedule A, some of the particulars of which are stated in Schedule A.

16. The bill of lading or waybill issued by or on behalf of Defendant was a clean bill of lading or waybill.

17. A contract of carriage existed between Defendant and others in connection with the shipment described in Schedule A that the Merchants and Plaintiff, as their subrogee, are parties to, are third-party beneficiaries of and/or are otherwise entitled to enforce.

18. Such contract of carriage concerns the carriage of goods by sea from a foreign port to a port of the United States of America.

19. All obligations under the contract of carriage to be performed on the part of the Merchants were performed, waived or otherwise excused.

20. Among other obligations and duties, Defendant had an obligation and duty to deliver the shipment described in Schedule A in good order and condition at the Port of Discharge and/or the Place of Delivery stated in Schedule A.

21. The shipment described in Schedule A either was never delivered at the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition at said Port of Discharge and/or Place of Delivery, in breach of Defendant's obligations and duties as a common carrier of goods by sea for hire, a vessel operating common carrier and/or otherwise, and/or in breach of the contract of carriage, and/or in breach of Defendant's obligations and duties as bailee for hire, and/or in breach of Defendant's obligations and duties as a vessel owner, charterer, operator and/or manager, and/or in breach of Defendant's other obligations and duties.

22. To the contrary, the shipment described in Schedule A was lost or damaged while in the care, custody or control of Defendant, its servants, contractors and/or persons for whom Defendant is vicariously liable.

23. The Merchants suffered damages because the shipment described in Schedule A was not delivered in good order and condition.

24. The Merchants submitted a claim to Plaintiff for the loss of and damage to the shipment described in Schedule A.

25. Plaintiff paid the claim submitted to it for the loss of and damage to the shipment described in Schedule A.

26. By virtue of its payment, Plaintiff is equitably and/or contractually subrogated to the rights and claims of the Merchants.

27. By reason of the premises, the damages sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendant, are in the amount of at least $256,617.55.

**AS AND FOR A FIRST CAUSE OF ACTION**

28. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 of this Complaint with the same force and effect as if more fully set forth herein.

29. The bill of lading, waybill and shipment described in Schedule A are subject to the provisions of COGSA.

30. The shipment described in Schedule A was in good order and condition when delivered to and received by Defendant (and/or persons for whom Defendant is vicariously liable).

31. The shipment described in Schedule A either was never delivered at the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition at said Port of Discharge and/or Place of Delivery.

32. Under COGSA, Defendant is liable for the loss of and damage to the shipment described in Schedule A.

33. Plaintiff, as subrogee of the Merchants, is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**AS AND FOR A SECOND CAUSE OF ACTION**

34. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 of this Complaint with the same force and effect as if more fully set forth herein.

35. This cause of action is stated in the alternative to the First Cause of Action.

36. To the extent they are not subject to the provisions of COGSA, Defendant and the bill of lading, waybill and shipment described in Schedule A are subject to the provisions of the Harter Act.

37. The shipment described in Schedule A was in good order and condition when delivered to and received by Defendant (and/or persons for whom Defendant is vicariously liable).

38. The shipment described in Schedule A either was never delivered at the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition at said Port of Discharge and/or Place of Delivery.

39. To the extent it is not liable under COGSA, Defendant is liable under the Harter Act for the loss of and damage to the shipment described in Schedule A.

40. Plaintiff, as subrogee of the Merchants, is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**AS AND FOR A THIRD CAUSE OF ACTION**

41. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 of this Complaint with the same force and effect as if more fully set forth herein.

42. This cause of action is stated in the alternative to the First and Second Causes of Action.

43. A contract of carriage existed between Defendant and others in connection with the shipment described in Schedule A that the Merchants and Plaintiff, as their subrogee, are parties to, are third-party beneficiaries of and/or are otherwise entitled to enforce.

44. All obligations under the contract of carriage to be performed on the part of the Merchants were performed, waived or otherwise excused.

45. Among other obligations, Defendant had an obligation to deliver the shipment described in Schedule A in good order and condition at the Port of Discharge and/or the Place of Delivery stated in Schedule A.

46. Defendant breached the contract of carriage either by failing to deliver the shipment described in Schedule A at the Port of Discharge and/or the Place of Delivery stated in Schedule A or by failing to deliver said shipment in good order and condition at said Port of Discharge and/or Place of Delivery.

47. Defendant otherwise breached the contract of carriage.

48. The Merchants suffered damages because of the breach of contract by Defendant.

49. Plaintiff, as subrogee of the Merchants, is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**AS AND FOR A FOURTH CAUSE OF ACTION**

50. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 of this Complaint with the same force and effect as if more fully set forth herein.

51. The shipment described in Schedule A was entrusted to the care, custody and control of Defendant (and/or persons for whom Defendant is vicariously liable) for delivery at the Port of Discharge and/or the Place of Delivery stated in Schedule A.

52. The shipment described in Schedule A was in good order and condition at the time it was entrusted to Defendant (and/or persons for whom Defendant is vicariously liable).

53. The shipment described in Schedule A was in the exclusive care, custody and control of Defendant (and/or a person for whom Defendant is vicariously liable) at the time said shipment was lost or damaged.

54. Defendant (and/or persons for whom Defendant is vicariously liable) either failed to deliver the shipment described in Schedule A at the Port of Discharge and/or the Place of Delivery stated in Schedule A or failed to deliver said shipment in good order and condition at said Port of Discharge and/or Place of Delivery.

55. Defendant (and/or persons for whom Defendant is vicariously liable) failed to return the shipment described in Schedule A in good order and condition.

56. The loss of and damage to the shipment described in Schedule A was caused by or resulted from the acts or omissions of Defendant (and/or persons for whom Defendant is vicariously liable).

57. The Merchants suffered damages because of the acts or omissions of Defendant (and/or persons for whom Defendant is vicariously liable).

58. Plaintiff, as subrogee of the Merchants, is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Awarding Plaintiff damages against Defendant in an amount to be determined at trial; and

B. For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: October 16, 2026

NICOLETTI HORNIG NAMAZI ECKERT & SHEEHAN
*Attorneys for Plaintiff*

By: S/ *Kevin J.B. O'Malley*
Kevin J.B. O'Malley
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-3830
komalley@nicolettihornig.com

# SCHEDULE A

**Plaintiff's Legal Status and Place of Business**

Plaintiff Starr Indemnity & Liability Company was and is a business entity duly formed, organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022.

**Defendant's Legal Status and Place of Business**

Defendant Maersk A/S was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 50 Esplanaden, 1263 Copenhagen K, Denmark.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| Defendant/Carrier: | Maersk A/S |
| Bill of Lading/Waybill No.: | MAEU259211707 |
| Container No(s).: | MRSU8011287 |
| Consignee: | TDB |
| Place of Receipt: | |
| Port of Loading: | Genova - IT |
| Port of Discharge: | Norfolk, VA - US |
| Place of Delivery: | |
| Vessel/Voyage: | PORTO CHELI / 540W |
| Date of Shipment: | on or about October 5, 2025 |
| Description of Goods: | Bowling parts |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Amount of Loss: | $256,617.55, plus interest and costs |